UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAN LAURENCE, JR.,
   Plaintiff,

v.                                           C.A. No. 24-001-JJM-PAS

PETER NERONHA, et al.,
   Defendant.

## ORDER

Norman Laurence, Jr., an inmate at the Adult Correctional Institutions ("ACI") has sued a slew of state employees alleging constitutional violations concerning his conditions of confinement.[1] Generally, it appears that he complains that ACI staff are using electronic surveillance to steal the contents of his legal work and giving out his personal information.[2]

Before the Court now are three motions: (1) Motion for Injunction, Mediation, and Grievances (ECF No. 33); (2) Second Motion for Preliminary Injunction (ECF No. 38); and (3) Motion for Injunction and Declaratory Relief from John and Jane Does (ECF No. 43). Each of them seeks a preliminary injunction from this Court. His preliminary injunctions seeks an order that: (1) "officers at all locations in high security" be restrained from "us[ing] [] electronic surveillance television cc tv screens

---

[1] Mr. Laurence has filed seven similar lawsuits in this Court, as well as several lawsuits in Rhode Island state courts.

[2] He also alleges that the ACI staff use him as an informant, use him for sexual entertainment, and give him legal advice.

to steal the contents of [his] legal work while its being copied at the library copy machine and while on the library table that is monitored with electronic surveillance;" (2) "officers at high security stop us[in] the electronic surveillance to watch plaintiff do his legal work;" (3) "the high security law clerks not be able to go under the copy machine camera so they can steal the content of [Plaintiff's] legal work;" (4) "the high security law officers in all locations stop us[ing] Plaintiff as an informant;" (4) "the high security officers in all locations stop [using] Plaintiff for sexual entertainment;" (5) "the high security officers in all locations stop giving Plaintiff legal advice." ECF No. 33-1.

To grant a preliminary injunction, the movant must demonstrate: (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. *See Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991). Injunctive relief is an "extraordinary and drastic remedy." *Id.* Mr. Laurence's submissions do not satisfy any of the required factors.

The element of "immediate, irreparable injury" is not met because Mr. Laurence is no longer housed at the High Security Facility at the ACI–instead, he has been transferred to the Medium Security Center. The element of "likelihood of success" is not met because his motions lack any evidence to show that he has

2

established a likelihood of success on the merits of his claims.[3] The final two elements of balance and equities are not met because when balancing the equities, correctional officials would stand to suffer more harm than himself if the injunctive relief Mr. Laurence is seeking is granted. Mr. Laurence is asking the ACI to remove and stop using electronic surveillance in common and public areas where he was housed in High Security—such a court-order would invade the right and duty of the ACI to protect the safety of all inmates and staff.

Thus, the Court DENIES, Plaintiff's (1) Motion for Injunction, Mediation, and Grievances (ECF No. 33); (2) Second Motion for Preliminary Injunction (ECF No. 38); and (3) Motion for Injunction and Declaratory Relief from John and Jane Does (ECF No. 43)

IT IS SO ORDERED

John J. McConnell, Jr.
Chief United States District Judge

June 24, 2024

---

[3] Mr. Laurence has made very similar allegations in his previously lawsuits that the courts dismissed.