## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| NORMAN LAURENCE, JR.,<br>　　　Plaintiff,<br><br>　　　v.<br><br>PETER NERONHA, et al.,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-001-JJM-PAS |

## ORDER

Norman Laurence, Jr., an inmate at the Adult Correctional Institutions ("ACI") has sued a raft of state employees and agents alleging constitutional violations concerning his conditions of confinement.  Mr. Laurence has filed seven similar lawsuits in this Court, as well as several lawsuits in Rhode Island state courts.  In disposing of these cases, courts have noted that Mr. Laurence's filings were "somewhat disorganized and rambling," were repetitive of claims previously dismissed, and were impacted by his mental health diagnoses of delusional disorder, paranoia, psychosis, and poor judgment.  *See Laurence v. Wall*, C.A. No. 07-081ML, 2011 WL 2358564, *3 (D.R.I. May 18, 2011), *adopted*, 2011 WL 2357357 (D.R.I. June 8, 2011); *see also Laurence v. Wall*, C.A. Nos. 13-128L, 13-129L, 2013 WL 5755089, at *10 (D.R.I. Oct. 23, 2013) (rejecting habeas petition); *Laurence v. Nerohna*, C.A. No. 24-001-JJM-PAS, 2024 WL 1329685, at *1 (D.R.I. Mar. 28, 2024) (denying motion for appointment of counsel).

In this case, though his Amended Complaint is exceedingly difficult to follow, it appears that Mr. Laurence is suing ACI staff, alleging that they are not providing

proper medical care, not feeding him well, using electronic surveillance to steal the contents of his legal work, and giving out his personal information. *See* ECF No. 144. He also alleges that ACI staff use him as an informant, use him for sexual entertainment, give him legal advice, and have installed an infrared device "that can clearly see his penis." ECF No. 172 at 3.[1] Before the Court are three motions to dismiss: (1) Defendant Christopher Matkovic's Motion to Dismiss (ECF No. 145); (2) Defendants Kimberly Kane, Christopher Salas, M.D., and Justin Berk, M.D.'s Motion to Dismiss (ECF No. 146); and (3) Defendant Harry Iannotti's Second Motion to Dismiss (ECF No. 150). Each of these Defendants bases their motions on many grounds, but uniformly they claim that Mr. Laurence has not met his obligations under the Federal Rules of Civil Procedure to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). The Court agrees.

"Rule 8(a)(2) sets a relatively low bar for plaintiffs seeking to bring claims in federal court. But it is not a toothless pleading requirement. To comply with Rule 8—and survive a Rule 12(b)(6) motion—a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 80 (1st Cir. 2025) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). "'Dismissal [for noncompliance with

---

[1] "The High Security Center was trying to kill me and used jailhouse informants—respectfully a penis and a heart and colon all respond to fear they are moving body parts, the penis and colon was used to sexually harass me and humiliate me causing my heart stress." ECF No. 172 at 3.

Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Sayied v. White*, 89 F. App'x 284, 2004 WL 489060, at *1 (1st Cir. Mar. 12, 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  While courts hold "pro se pleadings to less demanding standards than those drafted by lawyers,' accommodation of defects must be 'within reasonable limits.'" *Riddick v. Bos. Hous. Auth.*, No. 22-1557, 2023 WL 7806973, at *1 (1st Cir. June 20, 2023), *cert. denied*, 144 S. Ct. 599 (2024) (quoting *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008)).

Mr. Laurence's Amended Complaint is rambling, repetitious, and disorganized.  It is 220 pages longs and with over 200 pages of attachments.  The paragraphs or statements are not numbered and most do not contain single thoughts per sentence.  It includes irrelevant details about many non-defendants, and at the same time omits facts necessary to make sense of the claims he is attempting to plead. According to the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004).  Here, based on the Court's review of Mr. Laurence's Amended Complaint, it is almost impossible for any Defendant to understand the claims being made against them and it is unreasonable to expect any Defendant to frame a response to it.  *Riddick*, 2023 WL 7806973, at *1.

Thus, the Court GRANTS (1) Defendant Christopher Matkovic's Motion to Dismiss (ECF No. 145); (2) Defendants Kimberly Kane, Christopher Salas, M.D., and

Justin Berk, M.D.'s Motion to Dismiss (ECF No. 146); and (3) Defendant Harry Iannotti's Second Motion to Dismiss (ECF No. 150).

Furthermore, Mr. Laurence filed a Motion to Proceed In Forma Pauperis (ECF No. 2), which mandates that the Court review and determine whether the Amended Complaint (as to all Defendants, not just the moving Defendants) states a plausible federal claim for relief. *Iqbal*, 556 U.S. at 667 (standard for plausible claim); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required).[2]

After considering the moving Defendants' Motions to Dismiss, the Court concludes that Mr. Laurence's Amended Complaint as to all the other Defendants has the same fatal flaws and neither contains short, plain statements nor puts the remaining Defendants on notice of the claims against them. Therefore, the Court also dismisses with prejudice all claims against Defendants John Adams, Robert Allard, James Bailey, Carolyn Tanaborelli Baxter William Begones, Rachel C. Bray, Warden Corry, Patricia A. Coyne-Fague, Randy Daguila, Detective Tyler Denniston, Brian Devray, John Douglas, Deputy Warden Michael Fennessey, Nicholas Ferro, Lt. Gallo, Karen Grande, John Howard, Alan Klaus, Joshua Macomber, Glenn McCartney, Donna Melikian, Dacia Montenegro, John Moson, Peter F. Nerohna, Scott Oliver, C/O Oliver Jr., David Piccirillo, Clive Porter, Nicholas Reed, Ronald Renshaw, C/O Roussease, Maegen Russo, Wayne T. Salisbury Jr., John Santagata,

---

[2] In a January 24, 2024 Text Order, the Court stated that the Complaint passed a § 1915 review; the Court now revisits that determination and finds that the Amended Complaint against all the Defendants does not pass review as set forth in Rule 12(b)(6) or Rule 8.

Kristen Torrico, Colonel Darnell Weaver, Natalie Weisfeld, Alfred Zannini, Lt. McCartney, Lt. Braddock, Lt. R. Bray, C/O Thomas. C/O Anthony Doddio, C/O Casey Cullinan, C/O Ada Santiago, C/O Teresa Ramos, Lt. H. McDaniels, C/O Mitchell Largy, C/O Joseph Pelletier, C/O Paul Mariorenzi, Dr. Mathew Murphy, RN Jennifer Camp, C/O Jorge Rodriguez, C/O Carnejo, Caitlin Bouchard, C/O Al Merhi, C/O Bacon, Glenn Tucker, NP Emma K. Porter, John and Jane Does, C/O Oscar Rivas, Chief Inspector, C/O Tyler, C/O Lucea, and Sandra Odenalosier.

This lawsuit is hereby DISMISSED with prejudice judgment shall enter for all Defendants.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

September 5, 2025